United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Luo Liu,<br>*Plaintiff*,<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified in Schedule A,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-26-0204 |

**ORDER GRANTING PLAINTIFF'S RENEWED EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

Pending before the court is Plaintiff's [Renewed] *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Renewed Motion for Alternative Service). ECF No. 25.

Plaintiff requests permission to effectuate service of process, and service of other relevant filings, via email on the twenty-one named Defendants.[1] *Id.* The court denied Plaintiff's earlier motion for alternative service because Plaintiff had not identified the physical whereabouts of the Defendants, and he had not obtained the email addresses for the Defendants. ECF No. 11 at 3–4. The court ordered Plaintiff to provide the "missing information in a sworn declaration in connection with a renewed motion for alternative service." *Id.* at 4.

[1] Defendants are the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified as Defendants No. 1–16, 20–24 on Schedule A. ECF No. 7-1. Three of the sellers listed on Schedule A were voluntarily dismissed from this case. ECF No. 24 (dismissing Defendants No. 17, 18, and 19).

Plaintiff has now filed his Renewed Motion for Alternative Service, ECF No. 25, accompanied by the sworn declaration of his attorney, Daniel DeSouza, ECF No. 25-1 (DeSouza Decl.). Plaintiff represents that he obtained physical addresses and email addresses for each of the Defendants from Amazon.com, which hosts Defendants' e-commerce stores. *Id.* at 3 (citing DeSouza Decl. ¶ 9). According to Plaintiff, because Defendants maintain active e-commerce stores on Amazon.com, their email addresses are known to be valid and working. *Id.* (citing DeSouza Decl. ¶ 7). Plaintiff also states that Defendants' physical addresses are all located in China, and that he has good cause to suspect that Defendants are residents of China. *Id.* at 7 (citing DeSouza Decl. ¶ 12). However, Plaintiff states that he is unable to verify the physical addresses provided, as no verification occurs for physical addresses, and "such addresses are usually false." *Id.* at 3 (citing DeSouza Decl. ¶ 11).

The Federal Rules of Civil Procedure prescribe different requirements for service of process depending on whether service is to be effectuated within the United States or at a place that is not within any judicial district of the United States. Rule 4(f) applies to service on an individual in a foreign country. Rule 4(f)(1) permits service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). Rule 4(f)(2) relates to methods of service when there is no international agreement, or when the applicable international agreement does not specify the means of service. Rule 4(f)(3) permits service of process "by other means not prohibited by international agreement, as the court orders."

Generally, alternative service is permissible if (1) the court permits the alternative method, and (2) international agreement, such as the Hague Convention, does not prohibit the alternative method. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-cv-00463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018).

Service of process under Rule 4(f)(3) is one means of service among several and is on the same footing as Rules 4(f)(1) and 4(f)(2). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). There is no requirement that service by other means must be attempted first. *Id.* Rule 4(h)(2) permits service on a corporation by any means allowed under Rule 4(f), except by personal delivery.

China and the United States are both signatories to the Hague Convention. Service by email does not conflict with the Hague Convention or any other international agreement. *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Moreover, while China has objected to the alternative means of service listed in Article 10 of the Hague Convention, it has not expressly objected to service by email. Declarations and Notifications of the People's Republic of China, *14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Priv. Int'l L., www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn (last visited Sep. 28, 2026). Article 10 of the Hague Convention states, in relevant part, that "[p]rovided the State of destination does not object, the present Convention shall not interfere with - (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Where a signatory nation has objected to only those means of service listed in Article 10, a court acting under Rule 4(f)(3) remains free to order

alternative means of service that are not specifically referenced in Article 10." *Shinde v. Nithyananda Found.*, No. 13-00363, 2014 WL 12597121, at *6 (C.D. Cal. Aug. 25, 2014); *see also Karsten Mfg. Corp. v. Store*, No. 18-51524, 2018 WL 8060707, at *1 ("Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e- mail or publication."). The text of the treaty thus supports finding that China's objections to Article 10's methods of service do not include an objection to service by email. Other courts have similarly determined that service by email is not included in China's specific objections under Article 10. *E.g.*, *WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, No. 18-04543, 2019 WL 8810350 (N.D. Cal. Jan. 10, 2019);

Court-ordered service by email of a defendant residing in China is therefore proper under subsection (f)(3) if the plaintiff has established that such service is reasonably calculated to provide the defendant with notice. *Viahart*, 2022 WL 445161, at *3. Because Plaintiff has established that Defendants email addresses are valid and working, he has shown that service by email is reasonably calculated to provide Defendants with notice of the pendency of this case.

Any court-ordered method of alternative service must also comport with constitutional notions of due process. "In order for email service on a foreign defendant to comply with constitutional notions of due process, it must provide notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *James Avery*, 2018 WL 4688778, at *7 (denying service by email to a general manager at defendant's business when the recipient's identity was unspecified beyond their title and the plaintiff had no communication with the

email address prior to attempted service). To satisfy due process requirements, courts that have permitted service of process through international email service have done so when, for example, the parties have shown prior, successfully transmitted communications through the proposed email address(es) and when email was one of multiple forms of service attempted. *James Avery*, 2018 WL 4688778, at *7 (collecting cases). Several courts that have denied service by email on residents of an objecting nation have concluded not that the form of service was prohibited, but that the facts did not comply with due process. *See id.* at *8 (finding that attempted service by email "was the only—*arguably*—non-prohibited form of service attempted" but that the plaintiff did not take the appropriate steps to provide notice); *Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *1, *3 (S.D. Ohio May 1, 2014) (finding that even though alternative service on Indian defendant was "technically allowed," the case facts did not show that alternative service would comply with due process).

During its review of Plaintiff's original motion for alternative service, the court could not determine whether due process considerations were satisfied or whether email service was reasonably calculated to give proper notice. ECF No. 11 at 3–4. At that time, Plaintiff was not sure where Defendants were physically located, and he had not explained how he intended to obtain email addresses for Defendants. *Id.* at 3–4.

Plaintiff has alleviated the court's concerns by obtaining physical addresses and email addresses for Defendants. He attached to his Renewed Motion the sworn declaration of his counsel, which provides the "missing information" that the court previously identified. *See* ECF No. 11 at 4. The Renewed Motion establishes good cause to believe that Defendants are residents of China, and that Plaintiff has obtained valid, working email

addresses for each of the Defendants. Service by email does not offend constitutional notions of due process in this case.

For the reasons stated, Plaintiff's Renewed Motion for Alternative Service, ECF No. 25, is **GRANTED**. Plaintiff is permitted to serve process on each Defendant via the email address that is associated with their e-commerce store on Amazon.com.

Signed at Houston, Texas, on September 29, 2026.

Peter Bray
United States Magistrate Judge